UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62391-RAR

**CLAUDIA PATRICIA AVELLA FLORES**,

    Plaintiff,

v.

**CHAMALEON ENTERPRISES, INC.**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants Chamaleon Enterprises, Inc. and William Parra's Motion to Dismiss [ECF No. 4] ("Motion"), filed on November 23, 2021. Plaintiff Claudia Flores filed a response in opposition to the Motion [ECF No. 10] ("Response") on December 1, 2021, and Defendants filed a reply in support [ECF No. 21] on December 15, 2021. The Court has reviewed the Motion, the Response, and the Reply and is otherwise fully advised. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 4] is **GRANTED**. Counts I, II, and III of Plaintiff's Complaint [ECF No. 1-2] are **DISMISSED**.

## BACKGROUND

This dispute arises from a verbal employment agreement between the parties. Compl. ¶ 10. Plaintiff claims that Defendants agreed to pay her $835 for cleaning services and to reimburse her for products purchased in performance of her duties. *Id.* ¶¶ 10–11. Plaintiff alleges that she performed her duties as agreed but that Defendants have not compensated her. *Id.* ¶¶ 9–11. Plaintiff sued Defendants on June 21, 2021, in the Circuit Court of the 17th Judicial Circuit in and

for Broward County, Florida, seeking relief for unpaid wages and reimbursements under the Fair Labor Standards Act ("FLSA") (Counts IV and V). *See generally* Compl. Plaintiff also claims breach of contract (Count I), quantum meruit (Count II), and unjust enrichment (Count III) under state common law. *Id.* Defendants removed the case on November 23, 2021, [ECF No. 1] at 1, and now move to dismiss Counts I, II, and III.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (cleaned up).

## ANALYSIS

Defendants contend primarily that the state law claims in Counts I, II, and III should be dismissed because they seek to recover the same compensation as the FLSA claims in Counts IV and V. Mot. at 4–6. "Plaintiff concedes that she can recover only once for the same actual damages" but argues that these claims are valid because they are pled in the alternative. Resp. at 3. The Court agrees with Defendants. This finding is fatal to these counts, so the Court need not reach the other arguments presented.

In all five counts, "Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein." Compl. ¶¶ 17, 20, 26, 32, 42. In other words, the factual allegations underlying her state law claims for unpaid compensation are identical to those underlying her FLSA claims. It is well settled that duplicative claims—stemming from identical allegations, decided under identical legal standards, and for which identical relief is available—should be dismissed for the sake of judicial economy. *See, e.g.*, *Belmonte v. Creative Properties, Inc.*, No. 19-61438, 2019 WL 5063832, at *1 (S.D. Fla. Oct. 8, 2019); *Kuchenbecker v. Johnson & Johnson*, No. 19-61712, 2019 WL 4416079, at *2 (S.D. Fla. Sept. 16, 2019); *Manning v. Carnival Corp.*, No. 12-22258, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012). Counts I, II, and III warrant dismissal for this reason alone.

But more importantly, Counts I, II, and III are preempted by the FLSA claims. Section 216 of the FLSA is the exclusive remedy for enforcing rights created thereunder. *Munera v. Tops Kitchen Cabinet & Granite LLC*, No. 21-20619, 2021 WL 1700374, at *2 (S.D. Fla. Apr. 29, 2021); *Melendez v. G4S Secure Solutions (USA) Inc.*, No. 20-24213, 2020 WL 10140956, at *3 (S.D. Fla. Dec. 11, 2020); *Volcy v. Rose Mgmt. Props., Inc.*, No. 14-61418, 2014 WL 12861852, at *2 (S.D. Fla. Aug. 12, 2014). Consequently, courts dismiss duplicative state law claims where they rely on proof of the same facts. *Munera*, 2021 WL 1700374 at *2; *Belmonte*, 2019 WL 5063832 at *2; *Bell v. 1220 Mgmt. Grp., LLC*, No. 17-22479, 2018 WL 3054795, at *1–2 (S.D. Fla. June 20, 2018); *Bule v. Garda CL Se., Inc.*, No. 14-21898, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014).

The Court finds this extensive body of case law instructive, and a plain reading of Plaintiff's Complaint reveals that her state law claims merely recast her FLSA claims. As discussed *supra*, Plaintiff appears to admit as much in her briefing by conceding that her state law

claims are pled in the alternative to her FLSA claims. The FLSA is Plaintiff's exclusive remedy for her alleged harms, so the Court finds that Counts I, II, and III must be dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion [ECF No. 4] is **GRANTED**. Counts I, II, and III of Plaintiff's Complaint [ECF No. 1-2] are **DISMISSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of January, 2022.

                                          **RODOLFO A. RUIZ II**
                                          **UNITED STATES DISTRICT JUDGE**